### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR121** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **PAMELA EDMONSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR"), the government's objection (Filing No. 40) and the Defendant's statement (Filing No. 41).  *See* "Order on Sentencing Schedule," ¶ 6.  The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The plea agreement includes the following agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C): "[t]he parties agree that your sentence shall not exceed 168 months, which is the low end of the guideline range for offense level 31 and criminal history category V."  The PSR, however, categorizes the Defendant as a career offender, placing her at total offense level 34 and criminal history category VI, resulting in a sentencing guideline range of 262-327 months.

The Court's tentative findings are that the Presentence Investigation Report is correct, although it conflicts with the parties' plea agreement.  The Court will discuss the Rule 11(c)(1)(C) plea agreement at the sentencing hearing.

IT IS ORDERED:

1. The Court's tentative findings are that the PSR is correct in all other respects;

2.	If **any** party wishes to challenge these tentative findings, the party shall file, as soon as possible but in any event before sentencing, and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

3.	Absent submission of the information required by paragraph 2 of this order, my tentative findings may become final;

4.	Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 30th day of September, 2005.

BY THE COURT:

S/ Laurie Smith Camp
United States District Judge